JUSTIN D. HEIDEMAN (USB No. 8897)
JUSTIN R. ELSWICK (USB No. 9153)
**HEIDEMAN & ASSOCIATES**
2696 North University Avenue, Suite 180
Provo, Utah 84604
Telephone: (801) 472-7742
Facsimile: (801) 374-1724
Email: jheideman@heidlaw.com
       jelswick@heidlaw.com
*Attorneys for Plaintiff Eric Dowdle*

**IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ERIC DOWDLE,<br><br>  Plaintiff,<br><br>vs.<br><br>AMERICANA ART ENTERPRISES, LLC, a Utah limited liability company<br><br>  Defendant. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:22-CV-00343-BSJ<br><br>Judge: Hon. Bruce S. Jenkins |

Plaintiff Eric Dowdle, by and through its counsel undersigned, submits this Response opposing Defendant's *Motion to Dismiss*.

## INTRODUCTION

This action comes before this Court on Defendant's *Motion to Dismiss*, alleging that this Court lacks subject-matter jurisdiction over Plaintiff's causes of action for declaratory judgment as to copyright ownership, and declaratory judgment as to Plaintiff's right of personal identity. Jurisdiction is proper in this Court, and Defendant's *Motion to Dismiss* should be denied.

Plaintiff's *Complaint* properly invokes federal questions under the Copyright Act, over which federal courts exercise exclusive jurisdiction. Plaintiff's claim for declaratory judgment as

to copyright ownership turns on the existence of valid copyrights, and whether Plaintiff can exercise his valid copyrights without infringing upon Defendant's claimed ownership of those copyrights. Plaintiff's claim further turns on whether Plaintiff, in his long course of conduct participating in the Defendant business, has transferred his interest under § 204(a) of the Copyright Act.

Federal principles should control in this matter because of the distinctive policies of the Copyright Act at issue. Moreover, jurisdiction is proper because a federal question would necessarily be implicated if the Defendant brought a coercive action to enforce its supposed rights in the Artworks at issue.

Supplemental jurisdiction as to the dispute over the portion of the Artworks which are not registered with the United States Copyright Office is appropriate in order to resolve the whole controversy at issue and to avoid inconsistent results which might yield from diving the dispute between federal court and state court.

Finally, additional briefing is warranted, or amendment is warranted if the *Motion to Dismiss* is not denied upon the above grounds, because Defendant has now filed suit against Plaintiff in federal court for claims arising out of the same operative facts alleged in Plaintiff's *Complaint*.

## ARGUMENT

1. <u>Legal Standard.</u>

Defendant's Motion to Dismiss relies on Fed. R. Civ. P. 12(b)(1) which provides:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

Subject-matter jurisdiction is proper in the Federal Courts where the litigation involves a federal question. In particular, "the federal courts have exclusive jurisdiction over any civil action arising under any Act of Congress relating to copyrights."[1]

2.  Plaintiff's Complaint properly invokes the Copyright Act.

In *Doc's Dream, LLC v. Dolores Press, Inc*, the Ninth Circuit addressed whether a party properly invoked the Copyright Act through the Declaratory Judgment Act.[2] That case culminated at the trial level with a declaratory judgment that the copyright at issue was abandoned to the public domain. The prevailing party then sought attorney's fees under § 505 of the Copyright Act, and the trial court denied the motion, "holding that attorney's fees were not available under § 505 because the determination of copyright abandonment in this case did not require 'construction' of the Copyright Act."[3] The Ninth Circuit reversed, holding: "even when asserted as a claim for declaratory relief, any action that turns on the existence of a valid copyright and whether that copyright has been infringed invokes the Copyright Act."[4] Indeed, that court elaborated:

> The DJA and Copyright Act work in tandem. In certain circumstances, "jurisdiction in federal court arises under the Declaratory Relief Act as well as being premised on the need to construe the provisions of the Copyright Act." *Nimmer*, supra, § 14.10[B][1][b]. The DJA alone does not create federal jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876, 94 L. Ed. 1194 (1950) ("[T]he kinds of issues which give right of entrance to federal courts . . . was not altered by the Declaratory Judgment

---

[1] 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1050, 2006 U.S. App. LEXIS 21491, *11, 79 U.S.P.Q.2D (BNA) 1942, 1946, Copy. L. Rep. (CCH) P29,262 (10th Cir. 2006) (quoting *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc*., 336 F.3d 982, 985-86 (9th Cir. 2003) (cleaned up, internal quotations omitted)).
[2] Doc's Dream, LLC v. Dolores Press, Inc., 959 F.3d 357, 2020 U.S. App. LEXIS 15329, Copy. L. Rep. (CCH) P31,646, 2020 U.S.P.Q.2D (BNA) 10520 (9th Cir. 2020).
[3] *Id*. at 358-359.
[4] *Id*. at 359.

Act.").[5]

The Ninth Circuit further noted in the *Doc's Dream* case that "[A]n action arises under the federal copyright laws if . . . the complaint is for a remedy expressly granted by the Act, . . . or asserts a claim requiring construction of the Act." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 584 (9th Cir. 1993) (citations and internal quotations omitted). This last quote from *Doc's Dream* is, in essence, a restatement of the *T.B. Harms* test.

The Tenth Circuit expressly adopted the *T.B. Harms* test in *1mage Software, Inc. v. Reynolds & Reynolds Co.*[6] Furthermore, in this District, the *T.B. Harms* test was applied to an action for slander of title to a copyright. The District Court concluded that the action required interpretation of the Copyright Act as to whether copyright ownership had been transferred pursuant to § 204(a) of the Act.[7] Moreover, the court determined:

> [A] distinctive policy of the Copyright Act requires that federal principles control the disposition of the claim. … Section 204(a)'s writing requirement is to ensure that the creator of a work will not give away his copyright inadvertently and to force a party who wants to use the copyrighted work to negotiate with the creator to determine precisely what rights are being transferred and at what price." [8]

Based upon these holdings, the court found that jurisdiction was proper and denied a motion to remand the matter to state court.

In the present case, Plaintiff's *Complaint* alleges:

> In or around March/April 2022, Joseph began claiming that Americana (not Eric) has the right to retain "sole ownership" of all copyrights to the paintings created by Eric.
> …

---

[5] Doc's Dream, LLC v. Dolores Press, Inc., 959 F.3d 357, 363, 2020 U.S. App. LEXIS 15329, Copy. L. Rep. (CCH) P31,646, 2020 U.S.P.Q.2D (BNA) 10520 (9th Cir. Cal. May 13, 2020).
[6] 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1049, 2006 U.S. App. LEXIS 21491, *8, 79 U.S.P.Q.2D (BNA) 1942, 1945, Copy. L. Rep. (CCH) P29,262 (10th Cir. 2006).
[7] SCO Group, Inc. v. Novell, Inc., 2004 U.S. Dist. LEXIS 12267, *16-18, 2004 WL 4737297 (D. Utah 2004).
[8] *Id*. at 2004 U.S. Dist. LEXIS 12267, *21-22 (cleaned up, internal quotations omitted).

> After being hired, Joseph began exploring the option of obtaining a substantial loan on behalf of Americana. Joseph asked Eric what formula was used to estimate the value of the copyrights in the Artworks. Eric provided one example (of several possible methods) of valuation that he was aware of and that was used by an entertainment firm in Chicago. Joseph independently used the formula that Eric had mentioned to create his own valuation of the Artworks. Joseph used his own valuation of the Artworks in applying for a loan on behalf of Americana. Eric has never executed loan documents for the new proposed loan to Americana orchestrated by Joseph; nor was Eric part of any negotiations with potential lenders.
> …
> Other Members and Managers of Americana have also proposed eliminating Eric as an artist and simply hiring artists already trained by Eric to replicate his process and work to create "folk art" imitating the style of Eric's Artworks. Joseph has also demanded that, as part of this "separation," Americana would be acknowledged as the sole "owner" of all of the copyrights in the Artworks created by Eric.
> …
> While Eric has pledged his rights in the Artworks as security and collateral for certain loans, Eric has never executed any assignment transferring ownership of the Artworks to any third-party.[9]

There is a substantial federal question as to whether Plaintiff's actions in pledging the Artworks as security, and offering their valuation to secure a loan to Defendant, constitute a transfer of interest under § 204(a).

Moreover, the "distinctive policy" cited in *SCO Group* is squarely in issue here. Federal principles should control here to ensure Plaintiff, as the creator of the Artworks, "will not give away his copyright inadvertently." Additionally, those principles are intended to force Defendant Americana "to negotiate with the creator" for use of the Artworks. Here, Plaintiff's *Complaint* alleges retaliatory action by Defendant if Plaintiff exercises his copyrights. Specifically, Americana, while wrongfully claiming ownership of the copyrights at issue, has threatened to dilute Plaintiff's interest in Americana and to eliminate Plaintiff as an artist, <u>while replicating his</u>

---

[9] *Pl.'s Compl.* at ¶¶ 11, 48-53, 61, 63.

process and work, if Plaintiff does not agree to the wrongful claim.[10]

There is an additional justification for jurisdiction which is frequently discussed in intellectual property cases: that a federal question would necessarily be implicated if the declaratory judgment defendant brought a coercive action to enforce its rights.

> Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question. … For instance, federal courts have consistently adjudicated suits by alleged patent infringers to declare a patent invalid, on the theory that an infringement suit by the declaratory judgment defendant would raise a federal question over which the federal courts have exclusive jurisdiction.[11]

The Eastern District of Michigan, relying on decisions by the Sixth Circuit, phrased the same issue this way:

> A declaratory judgment action is proper when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Commodities Exp. Co. v. Detroit Int'l Bridge Co., 695 F.3d 518, 525 (6th Cir. 2012). If the alleged facts "'demonstrate that the defendant could file a coercive action arising under federal law,'" the court's jurisdiction is properly invoked. Severe Records, LLC v. Rich, 658 F.3d 571, 581 (6th Cir. 2011).
>
> Here, defendants threatened to sue for copyright infringement. The complaint alleges that defendants made adverse claims against Mercedes based on their claimed rights in the murals and threatened to sue Mercedes. Under the standard for declaratory relief, the complaint states a ripe claim.[12]

Here, Defendant wrongfully claims "sole ownership" of the copyrights at issue, and Plaintiff cannot exercise <u>his own copyrights</u> without fear of coercive action from Defendant alleging that Plaintiff is infringing on copyrights <u>Defendant</u> claims to own.

---

[10] *Pl.'s Compl.* at ¶¶ 58, 60-61.
[11] Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 19, 103 S. Ct. 2841, 2851, 77 L. Ed. 2d 420, 437, 1983 U.S. LEXIS 83, *37, 51 U.S.L.W. 4945, 4 Employee Benefits Cas. (BNA) 1604 (Sup. Ct. 1983).
[12] Mercedes Benz, USA, LLC v. Lewis, 2019 U.S. Dist. LEXIS 154818, *8, Copy. L. Rep. (CCH) P31,517, 2019 U.S.P.Q.2D (BNA) 340535, 2019 WL 4302769 (E.D. Mich. 2019).

If Defendant brought a coercive action for infringement of Defendant's supposed ownership of the copyrights at issue, § 411(a) would be clearly implicated and would be an essential federal question to Defendant's claim. Accordingly, Plaintiff's invocation of § 411(a) is entirely proper, because Plaintiff's registration of the copyrights would disprove an essential element of a coercive claim. Further, Defendant suggests that "the non-registration of the remaining 445 paintings is fatal [to jurisdiction]."[13] This assumes, incorrectly, that Plaintiff's *Complaint* ever asserted that the remaining 445 items of artwork were subject to jurisdiction under the Copyright Act, and therefore required compliance with § 411(a). To the contrary, Plaintiff's *Complaint* only, and specifically, posited that the remaining 445 works were subject to supplemental jurisdiction.[14]

Under any of the legal theories outlined above, federal question jurisdiction is proper to declare the rights of the parties with respect to the copyrights at issue, and Defendant's motion should therefore be denied.

3.  Supplemental Jurisdiction is Proper.

As detailed above, multiple arguments support federal question jurisdiction pursuant to the Copyright Act and the Declaratory Judgment Act, operating in tandem. From that point, it is not necessary to establish a federal copyright claim as to the remaining Artworks. Indeed, ownership of each of the remaining Artworks may be adjudicated pursuant to the Court's supplemental jurisdiction, as a simple property rights determination under state law.

Plaintiff's *Complaint*, on its face, alleges that Americana seeks to be acknowledged as the

---

[13] *Def.'s Motion* at 7.
[14] *See Pl.'s Compl.* at ¶ 18.

"sole owner" of the Artworks created by Plaintiff.[15] "Artworks," as that term is defined in Plaintiff's *Complaint*, is inclusive of, but not limited to, the items with registered copyrights. Defendant appears to improperly split these apart, implying that even if Plaintiff has a valid claim for declaratory judgment as to the registered items, that this Court does not have jurisdiction to determine the owner of the remaining items, and should leave these by the wayside, to be a problem for another court. Yet, as Plaintiff has alleged, Defendant's claim of ownership is as to <u>all</u> Plaintiff's Artworks, of which, the registered items only happen to be a part. The dispute over ownership as to all of the Artworks collectively arises out of the same operative facts, and the same transactions or occurrences. The dispute arises out of Defendant's universal, undivided claim to ownership of all of Plaintiff's Artworks, and out of Plaintiff's long-term involvement in, ownership of, participation in, and association with the Defendant business. Accordingly, it is entirely appropriate and within the jurisdiction of the Court the decide the <u>whole</u> contention of ownership, and in so doing, resolve not only those claims as they pertain to the registered items, but to resolve the entire controversy as to all of the Artworks. Indeed, that is no small part of the point of supplemental jurisdiction, so that the same claim as to ownership of <u>all</u> the Artworks will not be separately adjudicated in another court to a result that might be inconsistent, if not contradictory of, this Court's determination as to <u>part</u> of those same Artworks.

4. <u>Additional Grounds</u>.

Finally, there is also a federal question implicated in Plaintiff's claim for declaratory judgment as to Plaintiff's Right of Personal Identity. Plaintiff's *Complaint* alleges:

---

[15] *See Pl.'s Compl.* at ¶¶ 58-61

> Americana has also used Eric's name and likeness to sell its goods and products for almost 20 years. The name "Dowdle" appears on all of Americana's packaging and products. Americana has also relied upon Eric's name and likeness in relation to media activities (e.g. radio and television shows) that have benefited Americana's brand from an exposure and marketing standpoint.
>
> …
>
> Defendant has used Plaintiff's name and likeness to motivate potential purchasers to buy goods offered by Defendant that incorporate Plaintiff's Artworks (e.g. puzzles). As a primary example, Defendant uses the name "Dowdle" on most of its packaging. Defendant has also relied on Plaintiff's promotional activities, including, but not limited to social media, television and radio appearances and events to market and sell its products. Defendant has no written or oral agreement with Plaintiff that permits Defendant to use Plaintiff's name, title, picture or portrait in perpetuity. [16]

On August 12, 2022, well after Plaintiff's *Complaint* was filed, and while Plaintiff was still preparing this *Response*, Defendant Americana filed suit in federal court against Plaintiff, for trademark infringement in the use of Plaintiff's own name.[17] Curiously enough, at first blush it appears that such a claim could be a compulsory counterclaim in this action pursuant to Fed. R. Civ. P. 13. This is, of course, a question that Plaintiff has only just started to investigate, along with the possibility that the two actions may be consolidated, in which case, the jurisdictional landscape would change completely.

If, *arguendo*, this Court did not find that jurisdiction was proper in any of the other arguments for federal question jurisdiction outlined above, Defendant's motion should still be denied on this new and additional basis, which Plaintiff would need to address either via supplemental briefing, possible other motions, or an amendment to the *Complaint*, given the lateness with which Defendant introduced the suit.

Moreover, not only did Plaintiff establish a substantial and actual dispute in Defendant's

---

[16] *Pl.'s Compl.* at ¶¶ 77-79, 104-107.
[17] U.S. District of Utah, Central Division, Case 2:22-cv-00512-CMR.

threats to take adverse action against Plaintiff if he does not concede to having no ownership in the subject Artworks, but Defendant's newly filed suit *clearly* demonstrates an actual and substantial dispute regarding the use of Plaintiff's personal identity. Again, this would be the subject of further briefing, if required; or, at the very least, this constitutes a basis on which Plaintiff should be given leave to amend.

WHEREFORE, for all of the above reasons, Plaintiff respectfully requests that Defendant's motion be denied.

DATED and SIGNED August 19, 2022

**HEIDEMAN & ASSOCIATES**
/s/ Justin R. Elswick
JUSTIN R. ELSWICK
*Attorney for Plaintiff Eric Dowdle*

## **CERTIFICATE OF SERVICE**

       I hereby certify that I caused a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS was served on the following through the CM/ECF Electronic Notification on August 19, 2022.

<u>Attorney's for Defendant Americana Art Enterprises, LLC</u>

Brady Brammer (#13411)
Matthew C. Piccolo (#15707)
SPAULDING LAW, LLP
1955 W. Grove Parkway, Suite 250
Pleasant Grove, Utah 84062
Telephone: (801) 893-3951
bbrammer@spauldinglaw.com
mpiccolo@spauldinglaw.com

Charles L. Roberts (#5135)
WASATCH-IP, A PROFESSIONAL CORP.
2825 E. Cottonwood Parkway, Suite 500
Salt Lake City, Utah 84121
Telephone: (801) 292-5300
croberts@wasatch-ip.com