Brady Brammer (#13411)
Matthew C. Piccolo (#15707)
**BRAMMER RANCK, LLP**
1955 W. Grove Parkway, Suite 200
Pleasant Grove, Utah 84062
Telephone: (385) 746-1201
bbrammer@brfirm.com
mpiccolo@brfirm.com

Charles L. Roberts (#5135)
**WASATCH-IP, A PROFESSIONAL CORP.**
2825 E. Cottonwood Parkway, Suite 500
Salt Lake City, Utah 84121
Telephone: (801) 292-5300
croberts@wasatch-ip.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ERIC DOWDLE,<br><br>   Plaintiff,<br><br>vs.<br><br>AMERICANA ART ENTERPRISES, LLC,<br>a Utah limited liability company,<br><br>   Defendant. | **MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Case No.: 2:22-CV-00343-BSJ<br><br>Honorable Bruce S. Jenkins |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Americana Art Enterprises, LLC asks the Court to dismiss the Amended Complaint because Plaintiff Eric Dowdle has failed to state a claim for which relief can be granted.

1

## **INTRODUCTION**

This case involves an artist, Plaintiff Eric Dowdle ("**ED**"), who has filed a lawsuit against the company he helped create, Defendant Americana Art Enterprises, LLC ("**Americana**"). After ED filed his original Complaint, Americana filed a motion to dismiss, arguing that this Court does not have jurisdiction over ED's claims primarily because he failed to register the vast majority of the copyrights at issue and made no claims of copyright infringement. The Court allowed ED to amend his Complaint, but his Amended Complaint still fails to allege registration of the same copyrights, and he otherwise fails to allege sufficient facts to state a claim.

Section 411 of the Copyright Act mandates that a party register each work before it may adjudicate any controversy. 17 U.S.C. § 411(a). This requirement is ubiquitous in all Copyright Act litigation and related case law. ED concedes that he has registered only 31 of the 460 total copyrights allegedly at issue; thus, the Court must dismiss his infringement claims in respect to the 429 unregistered copyrights.

For the remaining 31 copyrights and other claims, ED fails to allege sufficient facts to state a claim for which relief can be granted. As just one example, for ED's infringement claims, he fails to identify any specific copyrights that Americana has allegedly infringed, and he fails to plead whether the infringed copyrights have been registered. His vague and conclusory allegations from his original Complaint remain in the amended version and make it impossible for Americana or the Court to address his claims. Similar deficiencies plague his VARA and personal identity claims.

The Court should dismiss ED's entire Amended Complaint, and the Court should not give him a third opportunity to allege proper claims.

**STATEMENT OF RELEVANT FACTS**

ED alleges the following relevant facts in his Amended Complaint:

1. ED is a painter and artist who has created original paintings for more than thirty years. (*See* Am. Compl., ¶ 1).

2. ED has created 460 paintings, which are the subject of this action. (*See id.*, ¶¶ 2-3).

3. Only 31 of the 460 paintings are registered in ED's name with the United States Copyright Office. (*See id.*, ¶ 20).

4. Americana is an art-studio company created by Eric in 2003 that manufactures and sells Eric's Artworks in various configurations, including puzzles. (*See id.*, ¶¶ 4-5).

5. A dispute exists between ED and Americana regarding ownership of the paintings. (*See id.*, ¶¶ 6-13).

6. ED started working as an artist in the 1990's and established "Dowdle Folk Art" as an artistic brand. (*See id.*, ¶ 28).

7. To date, more than 10 million puzzles featuring ED's paintings have been sold. (*See id.*, ¶ 29).

8. ED was originally the majority and principal owner of Americana, but his brother Mark Dowdle, Wendy Hemingway, and Joseph Ogden subsequently became owners and managers. (*See id.*, ¶¶ 39-44).

9. In March 2022, Americana voted to remove ED as a manager. (*See id.*, ¶¶ 55-56).

10. Americana has also proposed eliminating Eric as an artist and simply hiring artists already trained by Eric to replicate his process and work to create "folk art" imitating the style of Eric's Artworks. (*See id.*, ¶ 62).

11. On September 15, 2002, Americana accidentally emailed a staff member of Eric's new company a painting titled "Red Rock Adventure" by a staff artist named "Andy Ellis" who is employed by Americana. The communication displayed the "Dowdle" mark in the communication. (*See id.*, ¶¶ 63-66).

12. ED has never entered any agreement whereby he transferred ownership of his copyrights in the paintings to any individual or party. (*See id.*, ¶ 78).

13. In September 2022, Americana maintained a successful art booth at "Swiss Days" in Midway, Utah where it publicly displayed and sold art and derivative products incorporating ED's artwork without his authorization or approval. (*See id.*, ¶¶ 86-87).

14. Americana continues to manufacture, market, ship, and sell art and derivative products incorporating ED's artwork throughout the United States (including at Costco stores) without his authorization or approval. (*See id.*, ¶ 88).

15. Americana has not paid ED any royalties, fees, or compensation for the ongoing use of his artwork and sale of associated derivative products, including puzzles, fine art, and other products incorporating the artwork. (*See id.*, ¶ 89).

16. The name "Dowdle" appears on all of Americana's packaging and products. (*See id.*, ¶ 91).

## ARGUMENT

**A.   Legal Standards.**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the claims stated in the complaint. Pursuant to Fed. R. Civ. P. 8(a), "a pleading that states a claim for relief must contain . . . (2) a short plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "If, in the end, a plaintiff's 'well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,' the complaint fails to state a claim." *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 679).

> **B.** **ED Cannot State A Claim of Copyright Infringement for 429 of the Artworks Because He Has Not Satisfied the Precondition in § 411(a).**

The Copyright Act requires any author making an infringement claim to register, or preregister, a copyright before filing a civil action. The Court must dismiss ED's claim as to the 429 artworks that he has not registered.

> 17 U.S.C. § 411(a) states:
>
> no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.

This statutory pre-requisite is required for each of the works. *See, e.g. Craft Smith, Ltd. Liab. Co. v. EC Design, Ltd. Liab. Co.*, 969 F.3d 1092, 1097 n.2 (10th Cir. 2020). The United States Supreme Court reiterated the Section 411 registration requirement as recently as 2019:

> Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with §411(a)'s requirement that "registration of the copyright claim has been made." §411(a). Therefore, although an owner's rights exist apart from registration, registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights.

*Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887-88 (2019). "To withstand a motion to dismiss, a complaint based on copyright infringement must allege . . . that the copyrights have been registered in accordance with the statute." *Carell v. Shubert Org., Inc.*,

5

104 F. Supp. 2d 236, 250 (S.D.N.Y. 2000); *see also Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 988 (9th Cir. 2017) ("[Plaintiff] was required to show registration as an element of an infringement claim.").

ED alleges that "there are thirty-one Artworks registered solely in [his] name with the United States Copyright Office," (Am. Compl., ¶ 20), but he admits that the "other four hundred and twenty-nine (429) paintings . . . are not registered with the United States Copyright Office," (*id.* ¶ 21). Accordingly, ED cannot make any infringement claim based on the 429 unregistered paintings because he has not met the statutory precondition for filing such claims. For the 31 registered works, ED has not provided certificates of registration, which are "prima facie evidence of the validity of the copyright," *Gates Rubber Co. v. Bando Chem. Indus.*, 9 F.3d 823, 831 (10th Cir. 1993); he has provided only a screenshot of the "Public Catalog" with alleged copyrights that ED owns.

ED attempts to avoid satisfying the registration pre-requisite by alleging that the Court has supplemental jurisdiction over his claims associated with the 429 unregistered paintings pursuant to 28 U.S.C. § 1367, (*see* Am. Compl., ¶ 21). ED conflates the registration requirement with jurisdiction. If ED is making a proper infringement claim, then this Court has jurisdiction over it, whether or not the paintings are registered. Satisfying the registration precondition does not give the federal courts jurisdiction—it is a separate requirement unrelated to jurisdiction. As the U.S. Supreme Court has held, "§ 411(a) does not implicate the subject-matter jurisdiction of federal courts," *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 169, 130 S. Ct. 1237, 1248 (2010); instead, it is a non-jurisdictional, threshold element that a plaintiff must satisfy before asserting a claim. *Id*.

6

As a result, ED cannot use supplemental jurisdiction to cure his failure to satisfy the threshold requirement of registration. The Court has no ability to address his claims based on the 429 unregistered paintings and, thus, must dismiss those claims.[1]

### C. ED Cannot State a Claim of Copyright Infringement Because His Allegations Are Vague and Incomplete and Do Not Even Identify Which Registered, Copyrighted Works Americana Has Allegedly Copied.

To prevail on a copyright infringement claim, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282 (1991)). The copying element of an infringement claim has two components. *Id.* This involves two distinct inquiries: (1) "whether Defendant[], as a factual matter, copied Plaintiff's work" and (2) "whether, as a mixed issue of fact and law, those elements that were copied were protected." *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996) (citing *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 832 (10th Cir. 1993)).

For the first inquiry, a plaintiff can establish copying by showing that the defendant (1) had access to the copyrighted work; and (2) that there are probative similarities between the copyrighted material and the allegedly copied material. *Gates Rubber Co.*, 9 F.3d at 832. For the second inquiry, a plaintiff must establish "substantial similarity" between the "allegedly infringing work and the elements of the copyrighted work that are legally protectable." *Blehm*, 702 F.3d at 1199 (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942-43 (10th Cir. 2002)). In other words,

---

[1] Even if supplemental jurisdiction were relevant to ED's claims, the claims involving the other 429 paintings "substantially predominate[]" over the remainder of the other 31 claims; thus, the Court should decline jurisdiction pursuant to 28 U.S.C § 1367(c).

7

liability for copyright infringement will attach only if Americana copied the protectable elements of ED's registered artwork. *See Gates Rubber Co.*, 9 F.3d at 833.

To determine substantial similarity, the Tenth Circuit applies the "abstraction-filtration-comparison" to filter out the elements of the work that are not protected. *Close to my Heart, Inc. v. Enthusiast Media LLC*, 508 F. Supp. 2d 963, 968 (D. Utah 2007); *see also Gates Rubber Co.*, 9 F.3d at 834; *Country Kids*, 77 F.3d at 1285 n.5. The court then compares the remaining protected elements to the allegedly infringing work to determine whether "those protectable portions of the original work that have been copied constitute a substantial part of the original work—i.e. a matter that is significant in the plaintiff's [product]." *Country Kids*, 77 F.3d at 1287 (quoting *Gates Rubber Co.*, 9 F.3d at 839); *see also Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 952-53 (9th Cir. 2019) (at the pleading stage, the court must first "filter out the unprotectable elements of the plaintiff's work and determine the breadth of copyright protection for the protectable elements"; second, it compares the protectable elements that remain "to corresponding elements of the defendant's work to assess the similarities in the objective details of the works").

ED's amended complaint is problematic because he does not identify any specific copyrights that Americana has allegedly infringed. In his First Cause of Action, he alleges that "Defendant has produced, reproduced, prepared derivative works based upon, distributed publicly displayed [sic] Eric's protected work or derivatives of Eric's protected work without his consent," (Am. Compl. ¶ 115), but he does not identify which of his copyrights have been infringed. In his Second Cause of Action, he alleges that "Americana has intentionally hired, paid and instructed employees to illegally copy Eric's arrangement, coloring, style and themes and to create paintings that are imitative of Eric's distinctive Artworks." (*Id.* ¶ 125). Once again, he fails to identify which

8

copyrights Americana has allegedly infringed. His allegations essentially contain conclusory allegations with few facts regarding infringement.

ED's vague and incomplete allegations create at least two specific problems. First, the Court and Americana have no ability to determine whether the copyrights at issue have been registered with the Copyright Office. ED's Amended Complaint alleges that just 31 out of a total of 460 paintings have registered copyrights, and he does not allege whether the copyrights Americana has allegedly infringed are registered, and he does not identify which copyrights are at issue at all. He mentions products that Americana allegedly sold without his authorization at Swiss Days and other locations, and he mentions the Red Rock Adventure painting, (*see* Am. Compl., ¶¶ 63-64, 86-88), but he fails to identify which of the 460 paintings were involved in those activities and whether they have registered copyrights.

The second problem is that the Court and Americana have no ability to determine whether protected elements of his registered paintings were copied because they don't know which paintings are at issue. It is impossible for the Court to undertake the required analysis to determine access and similarities between ED's copyrighted works and Americana's because ED has not identified any paintings that have been copied. He has not attached copies of the paintings or even named them, and other than the Red Rock Adventure painting, he has not provided any specific information about any alleged infringing works that Americana has created.

ED also generally alleges that Americana has illegally copied his "arrangement, coloring, style and themes" but provides no facts as to what makes those unique or protectable and how Americana has copied them. Allowing ED's first two causes of action to move forward at this stage would lead to unnecessary and extensive discovery because of the vague and incomplete nature of ED's claims.

9

The Court should dismiss ED's first two causes of action. At this point, the Court should not allow ED to amend his complaint a second time because he continues to make vague and incomplete allegations and will not suddenly discover facts that make his claims viable.

**D. ED's VARA Claim Is Also Vague and Incomplete.**

The Visual Artists Rights Act of 1990 "ensures that artists are correctly identified with the works of art they create, and that they are not identified with works created by others." *Massachusetts Museum of Contemporary Art Found., Inc. v. Buchel*, 593 F.3d 38, 55 (1st Cir. 2010). ED specifically invokes 17 U.S.C. § 106A(a)(1)(B), which allows "the author of a work of visual art . . . to prevent the use of his or her name as the author of any work of visual art which he or she did not create." For ED to state a claim under VARA, he must identify one or more works of art that Americana is attributing to him as the author but that he did not create. His Amended Complaint fails to make any such allegations.

ED mentions the Red Rock Adventure painting and attaches a copy of an email about it in Exhibit 2 to the Amended Complaint. (*See* Am. Compl., ¶¶ 63-66). He alleges, and the email shows, that Andy Ellis was the artist of the Red Rock Adventure painting—not ED. (*See* Am. Compl. ¶ 63; Ex. 2 to Am. Compl.). Accordingly, ED has not alleged that Americana has used his name as the author of that work.

ED also mentions the use of the "Dowdle" trademark in the email, but using the Dowdle trademark is different from naming ED as the painter. Indeed, the parties in this matter are currently involved in a separate lawsuit addressing the Dowdle trademark, which, as ED acknowledges, is a "brand name." (Am. Compl., ¶ 138). It is also a federally registered trademark owned by Americana, claiming use going back to 1998 (*see* U.S. Trademark Registration No. 6,642,576, registered February 15, 2022). Given this long period of exclusive use by Americana (and its predecessors), the Dowdle trademark has obtained "secondary meaning," having "grow[n] out of

10

long association of the personal name with the business, and thereby becom[ing] the name of the business as such." *Flynn v. AK Peters, Ltd.*, 377 F.3d 13, 20 (1st Cir. 2004) (quoting 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 13:2 (4th ed. 2004)). Thus, through Americana's extensive use of the Dowdle trademark, it now identifies Americana, the primary meaning of the name as a word identifying a person being submerged in favor of its meaning as a word identifying Americana. Using the Dowdle trademark on Americana's products is not a statement of authorship but one of Americana's ownership and branding, as trademarks help protect the public so it may be confident that, in purchasing a product bearing a particular trademark which it favorably knows, it will get the product which it asks for and wants to get. Also, where the owner of a trademark has spent energy, time, and money in presenting to the public the product, he is protected in his investment from its misappropriation by pirates and cheats. *Beltronics USA v. Midwest Inventory Distribution*, 562 F.3d 1067, 1076 (10th Cir. 2009); *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1146 (10th Cir. 2016) (Protection of trademarks serves the Lanham Act's purpose to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers).

ED also mentions Swiss Days and other sales efforts but does not identify any specific artwork that Americana has allegedly attributed to ED as the author. He also makes general allegations about art that Americana has displayed and sold but identifies no specific works. (*See* Am. Compl., ¶¶ 86-89). Accordingly, neither Americana nor the Court is able to analyze or make a determination about ED's VARA claim. Again, he mentions the Dowdle trademark, but the trademark merely affirms Americana's ownership of the brand and does not state that ED himself painted whatever works ED believes are part of his VARA claim. The Court should dismiss ED's Third Cause of Action because of fails to state a claim under VARA.

### E.     **ED Also Fails to State a Claim of Right of Personal Identity.**

For ED's Third Cause of Action, he identifies no specific advertisement that Americana has published in which his personal identity has been used. Again, ED mentions the Dowdle trademark being on most of Americana's packages, but the trademark was registered and owned by Americana and acts as a source identifier of Americana's products that is different from ED's personal identity as an artist. *See Flynn v. AK Peters, Ltd.*, 377 F.3d 13, 20 (1st Cir. 2004) (surname trademarks submerge the primary meaning of the name as a word identifying a person, in favor of its meaning as a word identifying a business). The Amended Complaint also mentions "Plaintiff's promotional activities," (¶ 150), but the definition of "personal identity" under the Act does not include promotional activities, *see* Utah Code § 45-3-2(6). ED makes no other allegations that Americana has used any other aspect of his personal identity.

Even if ED has stated a claim involving his right to personal identity, the Court has no jurisdiction over his state-law claim because he has no valid federal claims. Thus, if the state-law claim remains, the Court should remand that claim to state court.

### CONCLUSION

For the reasons stated above, this Court should dismiss Plaintiff's Amended Complaint.

Respectfully Submitted.

Dated: October 19, 2022                          **BRAMMER RANCK, LLP**

                                                           /s/ Brady Brammer
                                                           Brady Brammer
                                                           *Attorney for Defendant*

## Certificate of Service

I hereby certify that I caused a true and correct copy of the foregoing **MOTION TO DISMISS** to be served on the following through the CM/ECF Electronic Notification on October 19, 2022.

**Justin D. Heideman**
**Justin R. Elswick**
HEIDEMAN & ASSOCIATES
2696 North University Avenue, Suite 180
Provo, Utah 84604
(801) 472-7742
Email: jheideman@heidlaw.com
jelswick@heidlaw.com

Dated: October 19, 2022                    **BRAMMER RANCK, LLP**

                                                   /s/ *Brady Brammer*
                                                   Brady Brammer